IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

JUSTIN BRAUNING,                         )
                                         )
        Petitioner,                      )
                                         )
v.                                       )        Case No. CIV-21-878-F
                                         )
CASEY HAMILTON,                          )
                                         )
        Respondent.                      )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*,[1] has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  (Doc. 1).[2]  United States District Judge Stephen P. Friot referred this matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B).  (Doc. 5).  Petitioner asserts that the state of Oklahoma lacked jurisdiction to prosecute him, as he is a member of the Chickasaw Nation and was convicted of a crime that occurred in Indian country.  (Doc. 1, at 4).  Having conducted a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the

_____

[1] A pro se litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  But the court cannot serve as Petitioner's advocate, creating arguments on his behalf.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Petitioner originally filed his Petition in the Northern District of Oklahoma, where he is currently incarcerated.  (*See* Doc. 3).  The case was transferred to the Western District of Oklahoma, as Petitioner challenges a conviction entered against him in the District Court of Pottawatomie County, Case No. CF-2016-433, located in this district.  (*Id.*)

undersigned recommends that the Court abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and **DISMISS** the Petition without prejudice.

## I.      Factual and Procedural Background

On February 28, 2018, Petitioner pled guilty to burglary in the first degree, possession of a firearm after former felony conviction, knowingly concealing stolen property, possession of controlled dangerous substance, and unlawful possession of drug paraphernalia in Pottawatomie County District Court, Case No. CF-2016-433.[3]  Petitioner was sentenced to 15 years of imprisonment with the last ten years suspended.  (Doc. 1, at 1; CF-2016-433 Docket Sheet).  He is currently incarcerated at Northeast Oklahoma Correctional Center, serving this sentence.[4]  Petitioner did not file a direct appeal of his conviction.  (CF-2016-433 Docket Sheet).

On February 12, 2021, Petitioner filed an application for post-conviction relief in the Pottawatomie County District Court.  (*Id.*)  Petitioner describes the issues raised in this application as: "Native American and on Native American reservation."  (Doc. 1, at 2). The Pottawatomie County District Court held an evidentiary hearing on July 22, 2021, and the application was denied on July 28, 2021.  (CF-2016-433 Docket Sheet; Doc. 1, at 2-3).

---

[3]https://www.oscn.net/dockets/GetCaseInformation.aspx?db=pottawatomie&number=CF-2016-00433&cmid=330467 (hereinafter "CF-2016-433 Docket Sheet") (last visited September 29, 2021).  The undersigned takes judicial notice of the docket sheets and related documents in Petitioner's state criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

[4] *See* Oklahoma Department of Corrections OK Offender, https://okoffender.doc.ok.gov/ (OK DOC# 622448) (last visited September 29, 2021).

Petitioner filed a notice of post-conviction appeal on August 6, 2021, and a Petition in Error with the Oklahoma Court of Criminal Appeals ("OCCA") on September 1, 2021.[5] Petitioner's appeal before the OCCA is pending. (*See* CF-2016-433 Docket Sheet; PC-2021-910 Docket Sheet). He describes the status of his post-conviction action as "still appealing at the County Court level." (Doc. 1, at 3).

On August 30, 2021, Petitioner filed the instant § 2254 Petition. (Doc. 1). Petitioner lists three grounds: (1) "the state of Oklahoma lacked jurisdiction to prosecute for this alleged crime" because Petitioner is Native American and the crime occurred on Indian land; (2) "futility of state courts . . . Oklahoma courts have known since [Petitioner's] filing on February 12, 2021 in Pottawatomie County that [he is] being held unlawfully;" and (3) "Court has not shown or demonstrated good faith effort to bring [him] before a proper court." (Doc. 1, at 4-5).

## II.    Screening Requirement

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to promptly examine a habeas petition and to summarily dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases. "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). Petitioner has such notice by this Report and

---

[5] *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2021-910&cmid=131079 (hereinafter "PC-2021-910 Docket Sheet") (last visited September 29, 2021).

Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation.  Further, when raising a dispositive issue *sua sponte*, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits. . . ."  *Id*. (quotations omitted); *Thomas v. Ulibarri*, 214 F. App'x 860, 861 n.1 (10th Cir. 2007); *Smith v. Dorsey*, 30 F.3d 142, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

III.    **The Court Should Dismiss the Habeas Petition Pursuant to the *Younger* Abstention Doctrine.**

> Under the *Younger* abstention doctrine, federal courts are to abstain from exercising jurisdiction to interfere with state proceedings when the following three requirements are met:
>
>> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citing *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).[6]  Additionally, "*Younger* governs whenever the requested

---

[6] "*Younger* abstention is jurisdictional."  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).  "[A] court may raise the issue of abstention *sua sponte*."  *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013); *see also Sanchez v. Wells Fargo Bank, N.A.*, 307 F. App'x 155, 157 (10th Cir. 2009) (recognizing that both Supreme Court and Tenth Circuit precedent "have acknowledged the authority of a federal court to address application of the *Younger* doctrine *sua sponte*").

relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002).  Exceptions exist for "bad faith and harassment," prosecution under a statute that is "flagrantly and patently" unconstitutional, or other "extraordinary circumstances" involving irreparable injury. *Younger v. Harris*, 401 U.S. 37, 50-54 (1971) (internal quotation marks omitted); *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (10th Cir. 1999). However, Petitioner has a "heavy burden" of establishing an exception to the *Younger* abstention doctrine.  *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

Abstention is appropriate in this matter.  First, Petitioner's appeal of the denial of his application for post-conviction relief is pending before the OCCA and raises the same jurisdictional challenge presented in his § 2254 Petition.  (Doc. 1, at 2-3).  Thus, Petitioner's criminal case is "ongoing" under *Younger. See Carbajal v. Hotsenpiller*, 524 F. App'x 425, 428 (10th Cir. 2013) (holding that the plaintiff's pending application for post-conviction relief satisfied *Younger's* first condition that state criminal proceedings be ongoing).

Second, Petitioner does not sufficiently allege that the state court forum is inadequate.  Indeed, although Petitioner challenges the jurisdiction of the state over his case, Petitioner can and did pursue state court relief in the form of his application for post-conviction relief, which is currently pending before the OCCA.  Petitioner may be frustrated that he has not yet been granted relief by the state courts, but the docket sheets for his conviction, No. CF-2016-433, and post-conviction appeal, No. PC-2021-910, show

that the state is actively adjudicating Petitioner's application for post-conviction relief. Petitioner has not demonstrated that the state courts are "futil[e]" or unwilling "to bring [him] before a proper court." (Doc. 1, at 4-5). Thus, the second element of the *Younger* doctrine is met.

The third *Younger* requirement is met because "state criminal proceedings are viewed as a traditional area of state concern." *Winn*, 945 F.3d at 1258 (internal quotation marks omitted); *see Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975) (injunction against state criminal-enforcement activities "seriously impairs the State's interest in enforcing its criminal laws, and implicates the concerns for federalism which lie at the heart of *Younger*"); *Green v. Whetsel*, 166 F. App'x 375, 376 (10th Cir. 2006) ("Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.") (internal quotation marks omitted); *Fisher v. Whetsel*, 142 F. App'x 337, 339 (10th Cir. 2005) ("Oklahoma's important interest in enforcing its criminal laws through proceedings in its state courts remains axiomatic.").

Finally, Petitioner does not allege any bad faith, harassment, or other extraordinary circumstances. In sum, *Younger* requires the Court to abstain while Petitioner's appeal of the denial of his application for post-conviction relief is pending in state court, and Petitioner has not met the heavy burden to show otherwise. *See Carbajal*, 524 F. App'x at 428-29 (affirming the district court's dismissal under *Younger* where the plaintiff's claims were the subject of a still-pending application for post-conviction relief in state court).

**IV.    Recommendation and Notice of Right to Object.**

For these reasons, it is recommended that the Petition (Doc. 1) be **DISMISSED** without prejudice to the re-filing.  **Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of Court by October 20, 2021,** in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 29th day of September, 2021.


AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE